# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDRE WATSON,

          Appellant,

      v.

GENERAL SERVICES
   ADMINISTRATION,

          Agency.

DOCKET NUMBER
DC-0752-16-0549-I-1

DATE: June 13, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

Victoria Williamson, Esquire, Washington, D.C., for the appellant.

Daniel D'Isidoro, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed by 1 day without good cause shown. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    As described in the initial decision, the appellant was removed from his Building Manager position for medical inability to perform the duties of his position, effective March 29, 2016.  Initial Appeal File (IAF), Tab 4 at 26, Tab 12, Initial Decision (ID) at 2, 5.[2]  On March 25, 2016, the agency delivered a copy of its decision letter to the rehabilitation facility where the appellant was living.  ID at 3-4.[3]  The appellant filed a Board appeal of his removal on April 29, 2016.  ID at 3, 5.

¶3    The agency moved to dismiss the appeal as untimely filed.  IAF, Tab 4 at 4‑6.  The administrative judge issued a timeliness order informing the appellant that his appeal may be untimely filed, apprising him of his burden regarding timeliness, and ordering him to file evidence and argument on the timeliness issue.  IAF, Tab 6.  The appellant, through his attorney, responded that his appeal was timely filed because he did not receive notice of his removal until March 30, 2016, when his attorney informed him of the agency's decision.  IAF, Tab 8 at 5‑6.  The appellant explained that, although the decision letter was delivered on March 25, 2016, he did not "actually receive" it because he is blind and delivery was made only to the reception desk of the rehabilitation facility where he was living.  *Id.*  He further argued that his limited ability to receive, open, and read mailings due to his blindness constitutes good cause for any delay in filing.  *Id.* at 6-7.  To support his arguments, the appellant submitted an

---

[2] The administrative judge made a typographical error in stating that the appellant's removal was effective March 24, 2016.  ID at 1.

[3] The agency also attempted to deliver copies of its decision letter to the appellant's address of record and his attorney's address on March 25, 2016.  ID at 2, 4.  However, the appellant's attorney did not receive the decision letter until March 30, 2016, when the agency emailed her a copy.  IAF, Tab 8 at 10, 15, Tab 9 at 6.

affidavit of his attorney, copies of a billing form and receipt for a mailing, the agency's email message to his attorney, and an unopened envelope that was mailed to the appellant by the agency. *Id.* at 10-18.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown. ID at 1 n.1, 2, 5-6. Specifically, the administrative judge found that the appellant's appeal was filed 1-day late because he received the agency's decision on March 25, 2016, his removal was effective March 29, 2016, and he filed his appeal on April 29, 2016. ID at 5-6. The administrative judge further found that the appellant did not establish good cause to waive the filing time limit because his refusal to collect and open his mail failed to demonstrate ordinary prudence or due diligence. *Id.*

¶5 The appellant has filed a petition for review arguing that, due to the minimal length of delay and circumstances beyond his control that impaired his receipt of the agency's decision, such as his living situation at the rehabilitation facility and his blindness, there is good cause to waive the filing time limit. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has established good cause to waive the time limit for filing his Board appeal.

¶6 The appellant bears the burden of proof regarding the timeliness of his appeal, which must be established by a preponderance of the evidence. *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(b)(2)(i)(B). With exceptions not applicable here, an appeal must be filed with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.22(b)(1).

¶7      As discussed above, the administrative judge found that the appellant's appeal was filed 1-day late. ID at 5-6. For the following reasons, we find that, even assuming that the appellant's appeal was untimely filed, the preponderance of the evidence shows that there is good cause to waive the filing time limit under the particular circumstances of the case.

¶8      The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay. *Smith*, 117 M.S.P.R. 527, ¶ 6; 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9      Here, we find that the fact that the appellant is represented by an attorney is outweighed by the other *Moorman* factors. In particular, the length of the 1-day delay is minimal; the appellant reasonably claimed as a blind individual that the reception desk received, but did not promptly forward to him, the agency's decision letter; and the record contains medical evidence of his permanent blindness, which impaired his ability to collect, open, and read the agency's decision letter. PFR File, Tab 1 at 6; IAF, Tab 4 at 61-62, Tab 8 at 7; *see Adams v. Office of Personnel Management*, 98 M.S.P.R. 541, ¶ 12 (2005) (finding that the appellant's submission of medical evidence showing that she suffered from depression and anxiety, and the minimal length of the 1-day delay in filing her petition for review, were factors in favor of finding good cause for the delay);

*Coleman v. Department of the Treasury*, [88 M.S.P.R. 266](#), ¶¶ 7-8 (2001) (finding that the appellant's claim of stress-related depression, substantiated in part by medical evidence, and the minimal length of the 1-day delay in filing her appeal, were factors in favor of finding good cause for the delay); *see also Lacy v. Department of the Navy*, [78 M.S.P.R. 434](#), 437 (1998) (establishing that the Board will find good cause to waive its filing time limits when a party demonstrates that he suffered from an illness that affected his ability to file on time by identifying the time period during which he suffered from the illness, submitting medical evidence showing that he suffered from the alleged illness during that time period, and explaining how the illness prevented him from timely filing his appeal or a request for an extension of time). Thus, we find that, under the particular circumstances of this case, the appellant exercised due diligence in filing his appeal and the principles of justice and good conscience weigh in favor of finding good cause for waiving the filing time limit. *See Alonzo*, 4 M.S.P.R. at 183-84 (explaining that "good cause" is an elastic concept that entitles an employee to the application of broad equitable principles).

¶10     Moreover, the agency has presented no evidence or argument suggesting that it would be prejudiced by a waiver of the filing time limit. *See Moorman*, 68 M.S.P.R. at 63 (explaining that, once good cause has been demonstrated, the Board must determine whether the agency has shown that it would be prejudiced by a waiver of the time limit).

¶11     Accordingly, we reverse the initial decision and waive the filing time limit for good cause shown.

## ORDER

¶12     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.